UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRATEROL OLIVEROS CESAR LUIS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. 1:26-cv-01823-DC-SCR (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), which the court converted to a motion for preliminary injunction (*see* Doc. No. 5), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition (Doc. No. 1 at 6–7). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of

his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On March 6, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for a preliminary injunction and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On March 11, 2026, Respondent filed an opposition to Petitioner's motion for a preliminary injunction in which Respondent opposes Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but acknowledge that there are no "factual or legal issues that substantially distinguish this case from the cases cited in the Court's minute order." (Doc. No. 7 at 2.) Respondent further indicates that Respondent does "not oppose the Court ruling directly on the petition." (*Id.*) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondent has not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for a preliminary injunction (Doc. No. 3) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in

/////
/////
/////
/////
/////

the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondent's failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order, converted to a motion for a preliminary injunction (Doc. No. 3) are GRANTED as follows:

    a. Petitioner Graterol Oliveros Cesar Luis shall be released immediately from Respondent's custody with the same conditions he was subject to immediately prior to his detention on October 20, 2025. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

    c. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. Petitioner's motion for the appointment of counsel (Doc. No. 2) is DENIED as

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count One.

1 | having been rendered moot by this order; and

2 | 3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: __**March 11, 2026**__

Dena Coggins
United States District Judge

4